## Appeal of John L. Bechtel, Trustee. Estate of Jacob Madeira.

*Trustees—Measure of requisite skill and prudence.*

Good faith and common skill and prudence but not infallibility of judgment are required of a trustee, and where these requirements have been met the general rule is to allow him reasonable compensation, depending upon circumstances of the case, and also to reimburse him for necessary outlays for the advice and assistance of counsel.

Argued Nov. 12, 1897. Appeal, No. 150, Oct. T., 1897, by John L. Bechtel, trustee of the estate of Angeline Renninger and her children, under the last will and testament of Jacob Madeira, deceased, from decree of O. C. Berks Co., dismissing exceptions to trustee's account. Before RICE, P. J., REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Exceptions to trustee's account. Before BLAND, P. J.
The facts sufficiently appear in the opinion of the court.

*Errors assigned* among others were (1) in overruling the first exception by the accountant which was as follows: " Accountant excepts to the nonallowance of any compensation or commission for his services." (2) In overruling the second exception filed by accountant, which reads as follows: "Ac-

452        BECHTEL'S APPEAL.

Assignment of Errors—Opinion of the Court.    [7 Pa. Superior Ct.

countant excepts to the nonallowance of any compensation charged by his counsel." (3) In overruling the fourth exception, as follows: "Accountant excepts to the refusal of the court to allow him anything for the board and care of the white stallion during the time he was offered for sale." Other exceptions were to the findings of fact of the court below.

*Henry D. Green*, with him *Herbert R. Green*, for appellant.—A trustee may not be visited with the consequences of the mistake of judgment upon points in regard to which lawyers and judges might well differ in opinion: Brennan's Estate, 65 Pa. 16; Patrick's Est., 162 Pa. 175.

*Benj. F. Dettra*, with him *Rothermel Bros.*, for appellee.—The appellant's exceptions to the conclusions of the court are very numerous, and in their nature and character are as profuse as the assertions of counsel, termed testimony by him, are contradictory. This trust estate is in a deplorable condition. Not only has the trust estate been mismanaged and the fund wasted, but beside the farm stock of the cestui que trust, worth at least $1,100, which came into the trustee's possession under the different proceedings instituted by him under the advice of his counsel, has been wasted and squandered.

Under all the facts and circumstances in this case the court was justified in surcharging the trustee.

OPINION BY RICE, P. J., July 29, 1898:

Judging by the result, this trust has not been well managed, but that there has been such dereliction of duty on the part of the present trustee as to warrant the court in holding him responsible for the impairment of the estate and, in consequence, denying him and his counsel compensation for their services is a proposition which will not bear close investigation.

The trust was created under the following clause in the will of Jacob Madeira: "The amount coming to my daughter Angeline, intermarried with Peter Renninger, out of my real and personal estate, it is my will and I do order and empower my executors to invest said amount in some real estate, and my daughter Angeline shall only receive the interest or rents issues and profits out of such real estate acquired for such

purpose during her lifetime; and after her decease the amount so invested, or real estate therewith acquired, shall be divided to and among her children, their heirs and assigns forever."

At the time of the appointment of the appellant as trustee (June, 1890) the trust property consisted of a farm in which the share of Angeline Renninger had been invested, and which was subject to the lien of a mortgage for $900, executed by a former trustee and all the cestui que trustent, and also to the lien of a mortgage for $360 upon the interests of Angeline Renninger and her husband and three of the remaindermen.

The farm was in the possession of Angeline Renninger and her husband as joint tenants under a lease from the former owner of the premises at an annual rent of $180.

This was the condition of the title and the possession when the appellant became trustee, and it is to be observed that he was in no wise responsible therefor. The investment of the trust fund in this farm had been made, and the mortgage for the difference between the amount of the trust fund and the price of the farm had been given by his predecessor, acting under the direction of the orphans' court. The appellant is prepared to surrender the estate as he found it; and even if, as is asserted, it consists only of an equity of redemption which is worth less than one third of the original fund of $4,214.45, we fail to see upon what just ground he can be held responsible for the impairment, and be denied compensation for his services on that ground. The learned judge very justly condemns the management of the trust prior to the appellant's appointment, but we cannot escape the conclusion that in summing up the results he overlooked the fact that the harm had been done before the estate came into the appellant's hands.

Eliminating from the case the irrelevant matter with which the adjudication is incumbered, we come to a consideration of the appellant's management of the trust.

At the request of Angeline Renninger and her husband, and acting under the advice of counsel, the appellant permitted them to remain upon the premises (then occupied as a home for the family) under the lease heretofore referred to, and a renewal thereof, until July, 1893, when he dispossessed them under a proceeding for nonpayment of rent, and leased the premises to another person. In the mean time he was twice

compelled to distrain for the rent in arrear in order to raise money to pay the fixed charges on the farm, namely, taxes, insurance, and interest on the mortgage. He was also called upon to defend a proceeding for his discharge upon the ground of his mismanagement of the trust, in which, after an investigation, the court held as follows: "The petition in this case is absolutely without merit. So far from failing in the discharge of his duties, the trustee has protected the estate of his cestui que trust, the petitioners, by buying up an incumbrance (the $360 mortgage) against the trust estate with his personal funds, in order to prevent a sale of the trust property. The husband of Angeline Renninger is doubtless responsible for this proceeding; and it is the opinion of the court that if he would devote himself with the same zeal and industry to the profitable cultivation of his wife's valuable farm that he exhibits in annoying the trustee he would soon find his wife's farm a great blessing to himself and family. The petition is dismissed at the cost of the petitioners." It is not claimed that the appellant has not properly accounted for and applied the money collected by him from the tenants, and yet, notwithstanding this interlocutory finding commending his management of the estate, the court felt constrained on the adjudication of his final account to hold that he was chargeable with such maladministration as to forfeit all right to compensation, for himself or his counsel. The principal reason assigned for this conclusion is thus expressed in the first opinion sustaining the exceptions: "It was because Mrs. Renninger did not have a husband who commanded the confidence of Jacob Madeira, her father, that her share was placed in trust. All his other children received their share absolutely. But the trustee had nothing to do with Peter Renninger, his duty being entirely to Mrs. Renninger and her children. If instead of involving himself in endless strife with her husband, he had held the legal title for her and her children, and given her possession of her property, to enjoy it as she was entitled to do, she would have had the benefit of her father's provision for her and the trustee would have had little to do." We cannot concur in this statement of the trustee's powers and duties. Three courses were open to him when he took charge of the estate. First, he might have put the Renningers out of possession at

the expiration of the existing lease, and rented the property to
a stranger ; or, second, he might, perhaps, have permitted Mrs.
Renninger to remain in possession upon giving security for the
payment of the fixed charges ; or, third, he might lease the
property to her and her husband. He chose the last course,
and in so doing we are not willing to concede that he was
guilty of a breach of duty. If he had put her in absolute and
unrestricted possession of the land, when she neither demanded
it nor offered to secure the payment of the interest, insurance
and taxes, it is altogether probable that he would have been
condemned as faithless to the other cestui que trustent whose
interests it was his duty to consult and protect. It was his
duty to preserve the estate for those entitled in remainder, and,
hence, to see that the charges above referred to were paid, and
the only source of payment was the income of the land itself.
He was not the mere holder of the legal title, but had active
duties imposed upon him, for the performance of which a trus-
tee is entitled to compensation unless he has forfeited it by his
fraud, or by negligence which operated to the injury of the
cestui que trust. There is no evidence that he was guilty of
any fraud or that he had a personal interest to serve in pursu-
ing the course he did, or that he has profited thereby. View-
ing his action in the most unfavorable light he was chargeable
with error of judgment only in leasing the property to Mrs.
Renninger and her husband ; and while, perhaps, it is no an-
swer to say, that it is ungracious for her to complain that their
subsequent refusal to pay enough, even, of the rent reserved,
to meet the fixed charges, involved the trustee in expensive
litigation with them, yet it is due to him to say that the leasing
was made with the apparent approval of all the parties inter-
ested in the trust, and that under the circumstances as they
existed at that time the trustee was justified in believing that
it was a proper method of raising enough money to pay the
annual charges, while at the same time leaving the life tenant
in possession of the farm as a home for herself and her three
children. The fact that his expectations were not realized is
not a sufficient cause for treating him as a faithless trustee.
Good faith and common skill and prudence but not infallibility
of judgment are required of a trustee, and where these require-
ments have been met the general rule in this country is to allow

him reasonable compensation depending upon the circumstances of the case, and also to reimburse him for necessary outlays for the advice and assistance of counsel. See Myer's Appeal, 62 Pa. 104; Brennan's Estate, 65 Pa. 16; Davis's Appeal, 100 Pa. 201; Fross's Appeal, 105 Pa. 258; Merkel's Estate, 131 Pa. 584. We see no good reason for departing from this rule in the present case, although we are of opinion that the sums claimed in the account are larger than the court would have been justified in allowing under the circumstances. We would be better able to fix the amounts if the appellant had printed the account, but upon a fair view of the whole case, as it is presented, and having regard only to the duties which pertain strictly to this trust, we are of opinion that an allowance of $50.00 for the accountant's compensation, and $75.00 for the advice and assistance of counsel, would not be unreasonable.

The decree of the court below, in so far as it disallows credit for compensation and counsel fees, is reversed; and the credit claimed by the accountant for the former is reduced from $150 to $50.00, and for the latter from $200 to $75.00; the exception to the disallowance of the credit of $75.00, claimed for feeding stallion, is overruled; and the record is remitted to the court below, with direction to carry this modification of the adjudication into effect; the costs of this appeal to be paid by the appellees.